E S & H, INC.

VERSUS

BRIAN TRICHE AND BERNARD TRICHE, JR.

NO. 25-C-401

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 861-944, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 24, 2025

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED**

**JGG**

**MEJ**

**SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
E S & H, INC.

 F. Forrester Willoz, IV

COUNSEL FOR PLAINTIFF/RESPONDENT,
BRIAN TRICHE AND BERNARD TRICHE, JR.

 Kyle M. Wiedemann
 Edward J. Womac, Jr.
 Douglas J. Womac, Jr.

**GRAVOIS, J.**

Relator/defendant, E S & H, Inc., seeks this Court's supervisory review of the trial court's July 7, 2025 judgment which denied its Motion to Strike Paragraph VII of respondents/plaintiffs, Brian Triche and Bernard Triche, Jr.'s, Petition for Damages, in this motor vehicle accident case. For the following reasons, we deny the writ application.

## FACTS AND PROCEDURAL BACKGROUND

By way of background, on February 14, 2025, plaintiffs filed a Petition for Damages against relator (E S & H), Earl Maxwell, and State Farm Mutual Automobile Insurance Company, for damages allegedly arising out of a motor vehicle accident which occurred on February 22, 2024. In Paragraph VII of the petition, plaintiffs alleged that at the time of the accident, Zurich American Insurance Company provided a policy of insurance on the vehicle owned by E S & H and operated by Mr. Maxwell, providing coverage for the loss sued upon in the petition.[1] E S & H seeks to strike Paragraph VII of the petition based on La. R.S. 22:1269(B)(4) which provides, in pertinent part:

> (4)(a) An insurer shall not be included in the caption of any action brought against the insurer pursuant to this Section. The action shall instead be captioned only against the insured defendant or other noninsurance defendants.
>
> (b) A court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence unless required by Code of Evidence Article 411.

* * *

---

[1] Specifically, Paragraph VII of plaintiffs' Petition for Damages reads as follows:

Upon information and belief, it is alleged that at all times material hereto, including but not limited to the date of the subject accident, ZURICH AMERICAN INSURANCE COMPANY provided a policy of automobile liability insurance on the vehicle owned by E S & H, INC., and operated by EARL MAXWELL, and said policy provided coverage for the type of loss sued upon herein.

E S & H argues that if Paragraph VII is not struck from the petition, the jury will be able to determine the existence of insurance coverage in this case since at some point during the trial, the jury may be provided access to the petition. E S & H also argues that allowing Paragraph VII to remain in the petition opens the door to plaintiffs' offering evidence of defendants' insurance coverage during the liability phase of the trial.

## DISCUSSION

Upon review, we find no error in the trial court's judgment which denied the Motion to Strike. As written, La. R.S. 22:1269(B)(4)(a) is clear that an insurer shall not be included in the caption of the action. It is undisputed that in the present case, the insurer is not included in the caption of the action. Further, La. R.S. 22:1269(B)(4)(b) does not specifically prohibit an insurer from being named in the body of the petition. It only provides that "[t]he court shall not disclose the existence of insurance coverage to the jury or mention such coverage in the jury's presence unless required by Code of Evidence Article 411."

In light of the foregoing, we cannot find that the trial court erred in denying the Motion to Strike.[2]

## DECREE

For the foregoing reasons, this writ application is denied.

## WRIT DENIED

---

[2] In any event, we note that E S & H is not prohibited from filing a pretrial motion *in limine* to enforce the provisions of La. R.S. 22:1269(B)(4)(b), should such a motion be deemed necessary.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-401**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
DOUGLAS J. WOMAC, JR. (RESPONDENT)      KYLE M. WIEDEMANN (RESPONDENT)

### MAILED
EDWARD J. WOMAC, JR. (RESPONDENT)      F. FORRESTER WILLOZ, IV (RELATOR)
ATTORNEY AT LAW                        ATTORNEY AT LAW
3501 CANAL STREET                      3900 NORTH CAUSEWAY BOULEVARD
NEW ORLEANS, LA 70119                  SUITE 1060
                                       METAIRIE, LA 70002